**FILED**

NOV 1 4 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No.06cr2224-DMS |
| | ) |
| | ) |
| Plaintiff, | ) **DEPOSITION ORDER FOR** |
| | ) **MATERIAL WITNESS:** |
| | ) |
| v. | ) **NICANDRO CARMONA-CUELLAR** |
| | ) |
| | ) |
| | ) |
| JOSE ALEJANDRO AYALA-MEDEL, | ) |
| | ) **DATE: NOVEMBER 14, 2006** |
| | ) **TIME: 3 pm** |
| | ) **COURT: Hon. Anthony J. Battaglia** |
| | ) **San Diego, California** |
| Defendant. | ) |
| | ) |

**ORDER**

Upon the request of the material witness, **NICANDRO CARMONA-CUELLAR,** hereinafter known as the material witness, and his counsel, Attorney James C. Alvord, and good cause appearing:

1.   The material witness being held in custody in case number 06cr2224-DMS shall be deposed on Tuesday, November 21 2006, at ~~10 am~~ 1:00pm in the United States Attorney's office, located at 880 Front Street, Fifth Floor, in San Diego, California.

1      2.  All parties, meaning the United States and the
2  defendant, shall attend the material witness's deposition.  The
3  arresting agency shall bring the material witness to the
4  deposition. If, in custody, the defendant shall be brought
5  separately to the deposition and a marshal shall remain present
6  during the proceedings.

7      3.  The United States Attorney's Office shall provide a
8  videotape operator, and, if necessary, arrange for a court-
9  certified interpreter to be present for the material witness. The
10 cost of the interpreter for the material witness will be borne by
11 the United States Attorney's Office.

12     4.  If the defendant needs an interpreter other than the
13 material witness interpreter (if any), defense counsel will
14 arrange for a court-certified interpreter to be present.  The
15 cost of a separate interpreter for the defendant shall be paid by
16 the Court.

17     5.  The United States Attorney's Office shall arrange for a
18 certified court reporter to be present.  The court reporter shall
19 stenographically record the testimony, serve as a notary and
20 preside at the deposition in accordance with Rule 28(a) of the
21 Federal Rules of Civil Procedure.  The cost of the court reporter
22 shall be borne by the United States Attorney's Office.

23     6.  The deposition shall be recorded by videotape, meaning a
24 magnetic tape that records sound as well as visual images.  At
25 the  conclusion of the deposition, on the record, the witness or
26 any party may elect to have the witness review the videotape
27 record of the deposition so as to check the recording for errors
28 or omissions and to note any changes.  Any errors or changes, and

1  the reasons for making them, shall be stated in writing, signed
2  by the witness delivered to the notary in a sealed envelope and
3  filed in the same fashion as described in Paragraph 17 below,
4  unless the parties agree on the record to a different procedure.
5      7. The operator shall select and supply all equipment
6  required to videotape the deposition and shall determine all
7  matters of staging and technique, such as number and placement of
8  cameras and microphones, lighting, camera angle, and background.
9  The operator shall determine these matters in a manner that
10 accurately reproduces the appearance of the witness and assures
11 clear reproduction of both the witness's testimony and the
12 statements of counsel.  The witness or any party to the action,
13 may object on the record to the manner in which the operator
14 handles any of these matters.   Any objections shall be
15 considered by the Court in ruling on the admissibility of the
16 videotape record.  All such objections shall be deemed waived
17 unless made promptly after the objector knows, or had reasonable
18 grounds to know, of the basis for such objections.
19     8.  The depositions shall be recorded in a fair, impartial,
20 and objective manner.  The videotape equipment shall be focused
21 on the witness; however, the videotape operator may when
22 necessary or appropriate focus upon charts, photographs, exhibits
23 or like material being shown to the witness.
24     9.  Before the examination of the witness, the Assistant
25 U.S. Attorney shall state on the record his/her name; the date,
26 time and place of the deposition; the name of the witness; the
27 identity of the parties and names of all persons present in the
28 deposition room.  The court reporter shall then swear the witness

3

1    on the record.   Prior to any counsel beginning an examination of

2    the witness, that counsel shall identify himself/herself and

3    his/her respective client on the record.

4        10.   Once the deposition begins, the operator shall not stop

5    the videotape recorder until the deposition concludes, except

6    that any party may request a brief recess, which request will be

7    honored unless another party objects and specifies a good faith

8    basis for the objection on the record.   Each time the tape is

9    stopped, or started, the operator shall announce the time on the

10    record.   If the deposition requires the use of more than one

11    tape, the operator shall sequentially identify on the record the

12    end and beginning of each tape.

13        11.   All objections both as to form and substance shall be

14    recorded as if the objection had been overruled.   The Court shall

15    rule on objections at the appropriate time.   The party raising

16    the objection(s) shall prepare a transcript for the Court to

17    consider.   All objections shall be deemed waived unless made

18    during the deposition.

19        12.   The party offering the deposition into evidence at

20    trial shall provide the Court with a transcript of the portions

21    so offered.

22        13.   Copies of all exhibits utilized during the videotaped

23    deposition shall be attached to the videotaped record.

24        14.   At the conclusion of the deposition, any objection,

25    including the basis, to release of the material witness from

26    custody shall be stated on the record.   If there is no objection,

27    the attorney for the material witness shall immediately serve all

28    parties with a Stipulation and Proposed Order for Release of the

1   Material Witness and submit the Order to the Clerk of the Court

2   for the Judge's signature.  Prior to release from custody, the

3   attorney for the Government shall serve the material  witness

4   with a subpoena for the trial date and a travel fund advance

5   letter.

6        15. The operator shall provide a copy of the videotaped

7   deposition to any party who requests a copy at that party's

8   expense.  After preparing the requested copies, if any, the

9   videotape operator shall deliver the original videotape to the

10  notary along with a certificate signed by signed by the operator

11  attesting that the videotape is an accurate and complete record

12  of the videotaped deposition.  The operator shall then deliver

13  the video tape to the notary along with a certificate signed by

14  the operator attesting that it is an accurate and complete

15  recording of the deposition.  The notary shall then file the

16  original tape and certification with the Clerk of Court in a

17  sealed envelope marked with the caption of the case, the name of

18  the witness and the date of the deposition.

19       16.  The notary shall file with the Clerk of the Court, in a

20  sealed envelope the original videotape, along with any exhibits

21  offered during the deposition.  The sealed envelope shall be

22  marked with the caption of the case, the name of the witness, and

23  the date of the deposition.  To that envelope, the notary shall

24  attached the certificate of the operator.  If all counsel

25  stipulate on the record, the Government may maintain the original

26  videotape until production is ordered by the Court or requested

27  by an party.

28       17.  Unless waived by the parties, the notary shall give

5

1  notice to all parties of the filing of the videotaped deposition

2  with the Court pursuant to Federal Rule of Civil Procedure

3  30(f)(3).

4      18. If any party objects on record to the release of the

5  material witness rom custody, the objecting party must request in

6  writing a hearing on the issue before the federal judge who is

7  assigned the case or to such other district judge or magistrate

8  judge as they designate.  <u>Notice of the Request for Hearing must</u>

9  <u>be served on all parties and filed with the Clerk of the Court</u>

10 <u>within twenty-four (24) hours after the completion of the</u>

11 <u>deposition, with a courtesy copy to chambers.</u>  The Court will set

12 a briefing schedule, if appropriate, and a date and time for the

13 objection to be heard as soon as reasonably practicable.  At the

14 hearing, the objecting party must establish to the Court's

15 satisfaction an appropriate legal basis for the material witness

16 to remain in custody.  If, after the hearing, the Court orders

17 the release of the material witness, the material witness

18 attorney shall immediately present the release order to the Court

19 for signature and filing.  Before the release of the material

20 witness from custody, the Government shall serve the material

21 witness with a subpoena for the trial date and a travel fund

22 advance letter.

23 **IT IS SO ORDERED.**

24

25 **Dated:** 11/14/06

26

27                                               UNITED STATES MAGISTRATE JUDGE

28

6